Deake, Ch. J.,
delivered the opinion of the court:
On the 4th of June, 1877, we dismissed this suit for want of jurisdiction in the court to entertain it, and the opinion of the court is reported in 12 C. Cls. R., 470.
The claimants now move to set aside that dismissal, so as to enable them to recover judgment for the amount which the evidence in the case shows to be due them; and they offer in support of their motion an affidavit and letters, which, together with the record in the case, show the following facts:
The amount claimed in the case was not sufficient to authorize the claimants to take an appeal from the judgment of dismissal.
The claimants’ attorneys requested the Attorney-General to consent to a pro forma judgment against the United States, and to appeal therefrom.
The Attorney-General, in a letter of June 19, 1877, to claimants’ attorneys, declined to take that course, but added the following:
u You will have to bring another suit, and if it involves the same points as Campbell, we will agree to file a stipulation to the effect, that if the decision of the Supreme Court in it shall be such as would have reversed the judgment rendered by the *428 Court of Claims in Campbell’s case, could an appeal have been taken, the same shall be vacated and set aside, so that Campbell & Co. shall not lose the money to which they claim they are entitled, and for which they sue, from the mere fact that no appeal can be'taken therein.”
No stipulation, such as the Attorney-General agreed to file, has been filed in the case; but in another case of the same parties, wherein the facts and questions of law were the same (the only difference being that in it the amount claimed exceeded $3,000), a like judgment of dismissal for want of jurisdiction was entered, from which the claimants appealed; and on the appeal the Supreme Court reversed the judgment of dismissal, and remanded the case, with instructions to enter judgment in favor of the claimants (107 U. S. R., 407); and such judgment has been entered here in obedience to the mandate of that court.
The claimants now ask us to give them the benefit of the agreement of the Attorney-General in that letter.
There is no' doubt that the decision of the Supreme Court was such as would have-reversed our dismissal of this case if the judgment of dismissal had been appealed from. It is also without doubt that if that decision had been in existence when this case was formerly before us, we would not have dismissed this case, but would have proceeded to try and decide it on its merits.
The only question, therefore, now requiring special consideration is that of the right and power of this court to set aside, on motion, a judgment rendered by it more than six years ago.
By a series of decisions, extending through a period of more than sixty-five years, the Supreme Court of the United States has denied its own power to set aside its own judgment, rendered at a former, term, because the case had passed beyond the control of the court. (Cameron v. McRoberts, 3 Wheaton, 591; Jackson v. Ashton, 10 Peters, 480; Sibbald v. United States, 12 id., 488; Bank U. S. v. Moss, 6 Howard, 31; McMicken v. Perin, 18 id., 507; Bronson v. Schulten, 104 U. S. R., 410; Schell v. Dodge, 107 U. S. R., 629.)
This court has followed the rulings of the Supreme Court. (Russell’s Case, 15 C. Cls. R., 168, and Seat’s Case, 18 id., 458.)
But in Bronson v. Schulten (ut supra) the court said:
“It is a rule .... that after the term has ended all final judgments and decrees of the court pass beyond its control, *429 unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them.”
From this we infer that if in the Supreme Court a motion be made during the term at which a judgment is rendered, to set aside, modify, or correct the judgment, and that motion be com tinued to a succeeding term, the court may, at the succeeding term, sustain it for sufficient cause.
And in Seat’s Case (ut supra) this court said:
“That two men, plaintiff and defendant in a suit, might, by agreement, at a term subsequent to that at which a judgment was rendered, have the judgment set aside or changed, may be conceded.
“That the same might be done in-á case between the United States and an individual, there can, we think, be no question, provided a statute of the United States gave authority to any one to agree thereto, and the authority were exercised according to the law. Without such authority, so exercised, no United States court could have the least right to vacate, set aside, or change a judgment in favor of the United States, after the end of the term at which it was rendered.”
Applying here the spirit of the expressions in those two cases, it seems to us that we may properly sustain the present motion, without at all breaking over the barriers erected by the decisions cited.
By law it is made the Attorney-General’s duty “to conduct and argue suits in the- Court of Claims in which the United States is interested” (Bev. Stat., § 350); and there is no other officer of the government, except his assistants, sent here by him, who has any right to represent the United States here, in such suits. His authority to “conduct suits” in this court on behalf of the government, may fairly be held to include, at least, every act in the conduct of such suits, which an attorney at law, in a suit between individuals, might lawfully do; with this reservation, as we have uniformly held, that he cannot, on the trial of a cause, bind the government by admitting facts adverse to it, unless they are such as it is his official duty to know, and as become known to him officially, in the course of the discharge' of such duty.
We see no reason to question his official right to file the stipulation promised in his letter to the claimants’ attorneys. Such a stipulation would have admitted nothing adverse to the government, would have compromised no interest of the United States, would merely have been an agreement that the judg *430 ment of dismissal of this suit should be set aside, if the Supreme Court’s decisions in another and exactly similar case should be in favor of our taking the jurisdiction which we held not to belong to this court.
If that stipulation had been filed during the term at which the judgment of dismissal' was rendered, we would not refuse now to carry it out. Beyond doubt the claimants’ attorneys rested upon the letter as the equivalent of a formal stipulation, and we think they were justified in so regarding it.
Considering the stipulation as, in effect, filed at that term, the motion of the claimants’ attorneys to vacate and set aside the judgment of dismissal is sustained.