TIowey, J.,
delivered the opinion of the court:
Eleven different interests are here united in one petition-to obtain reports under the fourteenth section of the act of March 3, 1887. (24 Stat. L., 505.) Some sue in their own right; some as surviving partners; some as executors of a surviving partner; another sues as assignee in bankruptcy, and another as a corporation. Thus, some of the petitioners claim in their own personal right, some as the legal successor of the personal right, and others as the legal representative of the person, firm, or corporation alleged to be original sufferers.
The bill referred provides for payments to certain persons named therein or their legal representatives, as follows: *180 Jones & Laughlins; Hussey, Wells & Co.; Lloyd & Black; James Millinger; Bobinson, Minnis & Co.; Smith, Parks & Co.; Pittsburg, Fort Wayne and Chicago Railroad Company; Singer, Nimmick & Co.; Lyon, Short & Co.; James Wood & Co., and King & Pennock. These claims, with others, came originally before this court under its general jurisdiction by reference from the Secretary of the Treasury, under section 1068 of the Revised Statutes, and were dismissed on the ground that the reference did not confer jurisdiction to hear and determine them. (Armstrong et al. v. United States, 29 C. Cls. R., 148.)
Some time after the filing of the original petition in the present case, a paper was placed on file which undertakes to amend the original, in words and figures following, to wit:
“ The claimant amends his petition as follows:
“ On page 16, par. 4, after the word claimant, insert the words ‘ The Pennsylvania Company, owners of the voucher given to ’—
“ On page 16, par. 7, strike out the name of £ Frank W. Smith,’ and insert ‘Albert G. Colvin.’
“ On page 16, par? 8, line 1, after the word ‘ claimants,’ strike out ‘ King and Pennock ’ and insert in lieu thereof : ‘Joseph W. Pennock, G. G. Pennock, Isaac M. Pennock, Sophia B. Pennock, Joseph Pennock, and Elizabeth G. P. Roberts, sole heirs at law of Joseph Pennock, deceased, who,’
“ On page 16, par. 9, after the word claimants, insert ‘David McK. Lloyd, administrator of Henry Lloyd, deceased, who was the last surviving partner of the firm of.’
“ On page 17, par. 10, after the word claimant, insert ‘Anna M. Wood, executor of J. T. Wood, deceased, who was the last surviving partner of.’
“ On page 17, par. 11, after the word claimant, insert ‘ Henry Millinger, Charlotte Wilson, and Elizabeth Bidwell, deceased, children and heirs at law of James Millinger, deceased, and Howard Bidwell, Clinton Bidwell, and Henry Bidwell, children and heirs at law of Elizabeth Bidwell, deceased’ ”
There are three objections to the proceeding. First, when an amended petition is filed the recitals of the original petition are thereby considered by the court to have been abandoned in their entirety except as they are incorporated in the amendment in full. The amended pleading must be complete in itself. (Rule 32.) It must not attempt to state a cause of action by disjointed sentences set forth in a sep *181 arate piece of paper insufficient in itself to state a cause of action (as here shown) with the expectation of having the court consider the cause upon both the original pleading and the proposed amendment. Under exceptional circumstances the court may consider an original petition and newr matter set up by way of amendment separately, but only upon motion and a preliminary order to that effect. The object of the requirement stated is not to embarrass or delay the pleader, but to avoid confusion and error in considering the issues.
Secondly, no one of the eleven petitioning interests has any right, title, or interest in, or claim to the other petitioner’s claims in this proceeding. No right of action exists in any one of the eleven claims to ten-elevenths of the aggregated demand. An inspection discloses that some of the parties before the court petition in their own right, and some as the sole surviving members of a former firm, and that others petition as members of a firm since changed to another name, while there are yet others who petition as executors of the surviving member of a firm. The amendment proposed attempts to substitute the Pennsylvania Company, presumably a corporation, as one of the petitioners claiming as as-signee of rights which originally accrued to the Pittsburg, Fort Wayne and Chicago Railroad Company. One of the petitioners is declared to.be the assignee in bankruptcy of the last surviving member of a firm, as to which there is no proof. Nor is there any proof that another petitioner is the executor of the surviving member of the firm who it is alleged sustained the losses for which relief is sought. .Another petitioning interest files an affidavit that they are the four brothers and sisters who are the sole heirs at law of one of the parties sustaining the loss, while yet another alleges that she is the executrix named in the will of one of the original sufferers who was the sole surviving partner of the firm, and that the will of this surviving partner was never probated.
Though this court is not bound by special rules of pleading, it will nevertheless conform to those rules deemed necessary by all courts for the orderly administration of justice, and to secure to the defendants the benefit qf the principle *182 of res judicata. Amendments are not allowed to introduce new parties not in privity. In Peysert et al. v. United States (41 C. Cls. R., 311), several liundred people united in one petition for unpaid salaries. A separate cause of action was alleged in each one of the petitions. The misjoiner was ignored and the court concluded to proceed with the cases without requiring each plaintiff to file a separate petition, inasmuch as there was a substantial objection to the proceeding manifest without reference to the misjoinder on which the cases were dimissed. But the court there adverted to the fact that no one plaintiff had airy interest in or right of action to the demand of the others, or the right to collect any part of the judgment but the amount of his own demand if relief could be granted; that in such a state of affairs the right of appeal would not exist merely because the parties had put their demands in one petition, if judgment were refused, because of the amount claimed by each and the want of title in any one claimant in and to the demand of the other petitioners. But for the substantial objection to the proceeding which operated to dismiss the cases without reference to the misjoinder, the court would, in those cases, of its own motion (without reference to anybody’s agreement) , have entered an order remanding them all for proper pleading.
Such was the order of the court in Emmons v. United States (10, 375), where the petitioners were numerous and the record was prematurely submitted.
In all actions at law, where there is neither conflict nor privity between the claimants, there is misjoinder which the court may notice, and generally will, if the misjoinder is unnecessary. If the cases are of a class arising out of the same taking or the same transaction, the claims may be heard together (if practicable) by consolidation of the pleadings either on motion of either of the parties or by direction of the court.
There are cases at law where claimants, alleging an undivided interest in land or in a common fund, should unite, and the court may even direct the parties to so unite as to prevent confusion. Congress may in class cases want to know the general facts and the sum total, and where it is *183 evident that the legislation is for the class, and practically the sum total is to be distributed among the individuals composing the mass, as the court directs and advises, then and in that event the interests may be united in one petition.
From the foregoing views it will be seen that there is some analogy in special cases to the practice in chancery. Thus, where claimant is trying to recover an undivided interest in common property, as in the case of land or of a fund— .of a portion which has not been segregated or set apart to him, equity takes hold; and the other persons interested in the fund, having a right to contest his alleged right, are not only proper but. necessary parties. In an ordinary court of equity this is accomplished by making the other parties in interest defendants; in this court it can only be done by making them all claimants; and it has been done in numerous instances and with repeated affirmances by the Supreme Court, as in the Intermingled Cotton Cases (92 U. S. R., 651) and the Indian cases. All of such claimants must be before the court in one proceeding, and the liability of the defendants and the individual rights of the claimants must be settled by one decree. This is the right of the Government, so that it shall not be vexed by a multiplicity of several actions and so that finality and certainty shall be secured in such cases of intermingling of property rights.
Finally, a more objectionable' phase involved in proceeding on the submission of the matters before us arises out of the folloAving stipulation, viz:
“ It is hereby agreed and stipulated by and between counsel for the respective parties for these causes that in order to save the expense and the time of taking depositions to establish the fact of the present legal ownership of the vouchers mentioned in the petitions, and of the loyalty of the persons to whom said vouchers were given by General Brooks, affidavits showing the above facts may be taken and filed herein in lieu of depositions taken under the rules of the court. .
“ L. A. Peadt,

“Assistant Attorney-General.

“ VedaNtus B. EdwaRds,

a Attorney for Claimants.'1'’

The right to a report (or to the series of reports evidently necessary) is based on the recognition of the right of the *184 petitioners to collect the amounts reported, if appropriated for, without showing their connection with the cases as reported except as to names. The stipulation can not be admitted so as to dispense with proof which the court deems material. Ea> parte affidavits relating- to matters more properly appearing by deposition can not be substituted despite the stipulation.
It may be that when these cases are regularly presented by separate petition that little proof will be required in some of them. Whatever proof is necessary must be taken according to law in proper form before such cáse can be considered.
Government rights are no more sacred than the rights of the citizen, but the privilege and opportunity is given to the citizen to take proof in support of his demands, and he must know that when he elects to procure an agreement from any representative of the Government which waives substantial rights of the defendants the citizen assumes the risk of having the stipulation set aside. There are limitations on the acts of agents of the Government which pertain to the conduct of cases in court as well, as to matters which relate to the conduct of Government agents everywhere else.
We are not unmindful of the rule that courts do not generally relieve from the effects of a stipulation made under a full statement of facts without showing fraud, collusion, or mistake. In Wynn’s Case (29 C. Cls. R, 15) this court asserted that general rule -on the application of a law officer of the Government who desired to set aside a stipulation for the purpose of a reargument. That was a mere matter of practice. Who doubts that if the court had deemed an argument necessary the stipulation would have been set aside?
Nor is the court unmindful of its recent action in Western Commercial Co. v. United States (post), where the motion of the Government to withdraw a stipulation of a former official was denied. But there the court permitted the defendants to avail themselves of any defense relating to the matter of protest and also indicated that judicial notice would be taken of the executive orders referred to as being-necessary to contradict the stipulation. It also appeared *185 that the stipulation was based upon information received from the Executive Departments, which was as much within the knowledge of the Department as within the knowledge of the claimant corporation. The real question in the case resolved itself into one of protection to the Government without inflicting a positive wrong upon the claimants, who would have been greatly delayed by any other course than that taken.
Underlying the action of the court in ei^ery case where the representatives of the Government have entered into stipulations to its seeming prejudice, the court has not hesitated to protect the Treasury as against the mistaken conception of the powers assumed by those acting for the Government in making the stipulations. The court will continue to do so, and the remand of this case with leave to the claimants to properly amend their petitions and to take proof but emphasizes what we have undertaken to state. Whenever a claimant seeks to avail himself of a stipulation in Avriting signed by a representative of the Government, he takes the risk of its availability either upon the motion of defendants’ counsel in charge at the time the motion is made to set the agreement aside or upon the submission of the cause at the instance of the court Avithout any motion.
Remanded with leave to the claimants to amend and take testimony.