Campbell, Chief Justice,
delivered the opinion of the court:
The court having been directed by order of the Supreme Court to make findings of fact relative to some matters not included in the findings heretofore made upon which the court’s decision was based, additional findings have been made.
The rules of the court, as well as orderly procedure, are so frequently overlooked or ignored by parties that we take occasion to quote the rules, and because of the reasons assigned for the motion to remand this case the court feels justified in making a statement from the record of its course through this court. Assuming the importance, materiality, and existence of the matters concerning which we are directed to make findings of fact, the record will demonstrate why they were not included in the findings originally made. They were not requested to be found, nor was there any evidence to support them if they had been requested before trial or when the case was decided. Incorporated with plaintiff’s motion for a new trial were certain questions designated a motion to amend the findings, and to these attention will be called.
The rules of the Supreme Court regulating appeals from, and governing the findings of fact in, the Court of Claims were promulgated at the December term, 1865 (3 Wall., vii; 3 C. Cls., xviii). Additional rules were promulgated in 1869 (rules 4 and 5, 9 Wall., vii), and a substitute for rule 5 was *37 promulgated January 29, 1879 (97 U. S., ii). Rule 2 was materially changed in 1873 (17 Wall., xvii).
These rules now provide for a finding of the facts “ established by the evidence in the nature of a special verdict, but not the evidence establishing them.” The findings, together with the court’s conclusion thereon, are to be filed, according’to rule 4, in open court at or before the time judgment is entered. Rule 5, as promulgated in 1879, is as follows:
“ In every such case, each party, at such time before trial and in such form as the court may prescribe, shall submit to it a request to find all the facts which the party considers proven and deems material to the due presentation of the case in the findings of facts.” (Italics ours.)
To give effect to this rule this court prescribed the form and the time for filing the requests. Rule 73, promulgated January 1,1916, contemplates their filing by plaintiff within 60 days after the completion of taking the testimony. Rule 74, promulgated many years ago, provides for their form as follows:
“ Such request must be in the following terms: ' The claimant, considering the facts hereinafter set forth to be proven, and deeming them material to the due presentation of this case in the findings of fact, requests the court to find the same as follows.’ ”
It then prescribes that following this request must be a statement in the form of distinct, numbered propositions of the facts which the party desires to have found, so arranged as to present a concise statement, in orderly sequence, of the whole case as the party desires it to appear in the findings of fact, and subjoined to each proposition of fact shall be references to the pages of the record, or the unprinted evidence, relied on in its support.
The same rule applies to defendant’s requests, and provision is made for objections by either party to requests by the other. The rules require requests for findings to be filed “before trial” and prescribe their form. Rule V of the Supreme Court' contemplates their filing “ before trial.” Cases do not go upon the court’s trial calendar until the requests and briefs of parties on both sides are filed, unless ordered to the calendar by the court.
*38 The court’s practice under Rule V and its own rules was stated in 1885 by Chief Justice Richardson in Union Pac. Ry. Co. case, 20 C. Cls., 508, where the rules are considered. He says:
“ The requests required to be submitted by the parties are for the assistance of the court in making up its findings and not for the purpose of obtaining specific rulings on each one separately in the form by them presented. The practice of the court is to give to the requests of the parties the fullest consideration and the most careful scrutiny, and without-finding or ruling upon each one separately, to make up an accurate and connected finding, in its own language, in such way as to cover each material fact asked for on either side, and to present to the Supreme Court on appeal a clear and concise statement of the case upon which questions of law may be there reviewed.”
This practice has continued, and there is a recognition that the question of the materiality of a requested fact, established by the evidence, may not rest alone in this court’s judgment. When upon the face of its findings it is stated, as uniformly is, that “upon the evidence the court makes the following findings of facts,” it is assumed that the facts found are those sustained by the evidence. As stated by Judge Richardson: “Facts alleged on the one side and.the other which the court does not find to be established are omitted as not proved.” (Roche's case, 18 C. Cls., 289.) But motions to amend are allowable as provided' for in the rules (see Lockwood case, 14 C. Cls., 648, 654), and they are granted where the party points to the evidence which the court on examination finds to have escaped its attention, or to have been omitted from its consideration. Formerly such motions could come in at any time during the term at which the case was decided and much delay occurred. The later rules seek to obviate such delays by requiring motions to amend findings or for a new trial to be filed within 60 days from the date of judgment.
The court must be governed by the evidence, and the purpose in requiring references in the requests to where it is to be found in the record is to aid the court’s investigation. If it were allowable for a plaintiff to rely upon defendant’s *39 mere request for a finding as an admission of the fact requested, the court would run counter to a rule, which it found necessary to announce years ago, to the effect that it would not be bound by admissions of representatives of the Government to its prejudice. (Jones & Laughlin’s case, 42 C. Cls., 178; Campbell's case, 19 C. Cls., 426, 429.) The reason for the ruling is obvious, and it does not prevent proper stipulation by the Attorney General or the Assistant Attorney General, duly signed and filed, when deemed appropriate. Not long since the Assistant Attorney General was allowed to disaffirm and withdraw, as improvidently made, a stipulation entered into by an attorney in the Department of Justice.
Under the rules of the court and its decisions it is not difficult for parties to make requests for findings in accordance with the well-established practice. But these requests are frequently mere conclusions of fact or of law intermixed with argument, find no support in the evidence adduced, and omit the references required by the rules. The present case is not exceptional as regards some of these objections.
Another objectionable course consists in omitting the form of request prescribed by rule 74 and asking the court to find “ whether or not ” stated propositions are true. This form has been criticised by the Supreme Court, and condemned by our own, as not complying with the purpose of the rule. (Winton case, 52 C. Cls., 90, 100, and cases there cited.) In that case it was said by Judge Booth:
“ The purpose of a request for findings is to find the facts material and pertinent to the issue. It certainly can not be said to be equally pertinent and material whether the answer be in the affirmative or the negative, because if it be not a fact, then its importance at once disappears.”
In the instant case, in what the plaintiff called its motion to amend findings, the interrogative form, “ whether or not,” that was condemned in the Winton case, was used.
The history of this case, as shown by the record, may be thus stated:
The original petition was filed March 23,1909. The plaintiff’s request for findings and brief were filed in January, *40 1915, nearly six years after suit brought. The defendant consumed about nine months more before filing its requests and brief. The plaintiff then filed an amended petition, and shortly thereafter a reply brief, accompanied by a request for an additional finding involving a conclusion about seven years after suit brought. The case went from the general docket to the trial calendar, came on to be heard, and was argued by both sides May 26,1916, and decided June 5,1916. During the seven years of pendency of the case not a deposition of any witness was taken, not a particle of documentary evidence was filed by the plaintiff, nor did the plaintiff ask the court to issue a call upon the Post Office Department for information. In February, 1911, there was filed, by the defendant’s attorney, a report which the Post Office Department made to the Attorney General in response to his statutory call. Competent parts of such a report may be referred to, as evidence, under rules 61, 62, and 63. Material allegations of the petition were denied in an answer filed by defendant, and all of plaintiff’s original requests for findings were objected to.
In no one of the plaintiff’s original requests, or following it, was there any reference to evidence, as required by rule 74. Before or at the hearing not a one of them referred to the “ letter ” mentioned in the motion to remand. It ivas not asked to be found. It was not in evidence or in the record. It was not referred to in any of the briefs. Nor was there any request for a finding that directly or remotely referred to the subject matter of the additional findings above mentioned, nor was it in any wise discussed in the briefs. The court’s findings were necessarily based upon the report of the Post Office Department, filed by the defendant, and such facts as the court considered it could take judicial notice of, there being no other evidence offered.
Shortly after the decision, in June, 1916, the defendant filed a motion for a new trial, and plaintiff filed its “ motion for amendment of findings of fact and for a new trial.” These motions, coming in during the summer vacation, were sent to the calendar to be heard in October, and were then heard. The plaintiff did not use the form of request prescribed by rule 74, but moved “ the court to amend the find *41 ings of fact filed herein on the 5th day of June, 1916, by finding whether or not,” and this was followed by seven distinct propositions, none of which were supported by evidence, and the last of which was whether or not—
“ G. In accordance with the long-standing practice of the Post Office Department in transmitting distance circulars, it wrote claimant on or about February 8, 1905, in substance and effect, that the department was about to weigh the mails on claimant’s respective routes for the purpose of readjusting the compensation for the transportation of the same for the four years from July 1, 1905, to July 1,1909, and inclosed therewith the distance circular, which claimant was requested to fill out and return to the department.”
This proposition, brought into the record after the case had been heard and decided, is the first reference contained therein to the subject matter of the proposition itself. Manifestly, the alleged letter, if in evidence, would not have furnished an answer to the query.
There was no reference to anything in the record to which the court could look if the request had been in proper form. There was nothing in the record to support an answer to the question. There was no motion to be allowed to introduce newly discovered testimony, for which the rules amply provide. When the motions came on to be heard in October, they were argued at length by both sides. No letter addressed to plaintiff was filed or presented. It is stated in plaintiff’s brief, filed herein December 18, 1918, upon its motion for additional findings under the order of remand, that “ after repeated verbal promises to counsel to report said letter in the instant case had failed of fruition, counsel requested of, and received from, the Post Office Department a copy of the form, and it was this letter which was referred to in claimant’s motion for amendment of the findings.”
As we have said, the case was then being heard upon motions for a new trial, and included in plaintiff’s motion was that for amendment of findings by “ finding whether or not.” Amendments of findings are presumed to be based upon evidence in the record.
The court can not accept asseverations of counsel, as to facts, made in argument, whether denied or conceded by the *42 other side at the bar, without any stipulation duly filed or other evidence, because of the rule to which we have referred, and because when hearing motions to amend findings the court is not hearing new evidence not properly brought into the record. The motions having been overruled, appeals were taken to the Supreme Court, but subsequently defendant withdrew its appeal.
A considerable number of cases have been held on the docket without action because the court was told they were dependent on this case in the Supreme Court. The claimant’s motion to remand the case was granted December 9, 1918. Upon the filing of the order, the case was set for a day certain. In the meantime plaintiff filed its requests to find facts in accordance with the directions of the Supreme Court and some additional findings. The parties appeared and were heard. No evidence was adduced. The plaintiff presented no motion for a call on the department. The matter could have been dismissed with the statement that there was no evidence upon which the court could respond or make the finding. But the language of the motion which was granted is that this court “ find from the evidence now on its record, and any other competent evidence, whether or not ” (1) a certain letter was sent, (2) whether or not it was sent in accordance with a long-standing practice.
The right of the Supreme Court to direct the finding of additional facts in a case, whether- they are to be found in the record or involve additional proof, is undoubted. The court accordingly made its own call upon the Post Office Department, and the reply to that call furnishes the only evidence the record has ever contained upon the question involved. The additional findings are predicated upon that reply.
We have adverted to the rules for the purpose of impressing upon parties litigant the importance of conforming to them. It should be i’ecognized that the conclnsiveness accorded by the rules and the decisions of the Supreme Court to findings of this court (they being in the nature of a special verdict) places a grave responsibility upon this court, and upon parties as well, to have evidence in the record upon which to base them. Such evidence should be adduced “ before trial.” Under our rules it is only in exceptional cases, *43 and as provided in the rules, that parties may expect an amendment of findings, or additional findings, based upon matters not found in the record when the case is tried. (Lockwood case, 14 C. Cls., 648, affirmed by Supreme Court without opinion; Union Pac. Ry. Co. case, 20 C. Cls., 508; 116 U. S., 154, 156; McClure case, 116 U. S., 145.)
It is ordered that the clerk certify the foregoing additional findings and opinion as part of the record in this case.
Judge Hay, Judge Downey, Judge Barkey,' and Judge Booth concur.