Hay, Judge,
delivered the opinion of the court.
This is a motion of the plaintiff to amend the findings of fact in this case (1) so as to show the ultimate facts as to the cause of the rise of water in Big Soda Lake and the inundation of the adjacent land which resulted in the destruction of the plaintiff’s property, or (2) by setting forth what the plainttiff asserts are “the circumstantial facts” shown in the evidence as to the cause of the rise of water in Big Soda Lake and as to the value of the property of the plaintiff.
The rules of the Supreme Court regulating appeals from and governing the findings of fact in the Court of Claims were promulgated at the December term, 1865; 3 Wall., p. VII. These rules prescribed that “ The facts so found are to be ultimate facts or propositions which the evidence shall establish in the nature of a special verdict, and not the evidence on which these ultimate facts are founded.”
At the October term, 1873, a change was made in the above rule, and that rule now reads as follows: “A finding by the Court of Claims of the facts in the case established by the evidence in the nature of a special verdict, but not the evidence establishing them; * * 17 Wall., p. XVII. Since then no change in this rule has been made.
At the December term, 1869, rule 5 was promulgated as follows:
“Rule 5. In all such cases either party, on or before the hearing of the cause, may submit to the court a written request to find specifically as to the matter of fact which such party may deem material to the judgment of the case, and if the court fails or refuses to find in accordance with such prayer, then such prayer and refusal shall be made a *68 part of the record, certified on the appeal to this court.” 9 Wall., VII.
On January 29, 1879, the Supreme Court promulgated a substitute for the above rule, which is as follows:
“ In every such case, each party, at such time before trial and in such form as the court may prescribe, shall submit to it a request to find all the facts which the party considers proven and deems material to the due presentation of the case in the findings of fact.” 97 U. S., p. VIII.
The findings of fact which the plaintiff seeks to have amended contain, in the opinion of the court, the facts established by the evidence in this case. What the plaintiff seeks to add as amendments to the findings of the court are not facts established by the evidence, but evidence of facts; and such findings would be in contravention of the rule which provides that the court must find “the facts in the case established by the evidence in the nature of a special verdict, but not the evidence establishing them.” In the case of Burr v. Des Moines Railroad and Navigation Co., 1 Wall., 99, 102, the Supreme Court says:
“ The statement of facts on which this court will inquire if there is or is not error in the application of the law to them is a statement of the ultimate facts or propositions which the evidence is intended to establish and not the evidence on which those ultimate facts are supposed to rest. The statement must be sufficient in itself, without inferences or comparisons, or balancing of testimony, or weighing evidence, to justify the application of the legal principles which must determine the case. It must leave none of the functions of a jury to be discharged by this court, but must have all the sufficiency, fullness, and perspicuity of a special verdict. If it requires of the court to weigh conflicting testimony, or to balance admitted facts, and deduce from these the propositions of fact on which alone a legal conclusion can rest, then it is not such a statement as this court can act upon.”
See also McClure v. United States, 116 U. S., 145, 151, 152.
In the case of Delaware, Lackawanna & Western Railroad Co. v. United States, 54 C. Cls., 35, 39, Chief Justice Campbell, speaking for the court, says:
“ Under the rules of the court and its decisions it is not difficult for parties to make requests for findings in accord- *69 anee with the well-established practice. But these requests are frequently mere conclusions of fact or of law, intermixed with argument, find no support in the evidence adduced, and omit the references required by the rules.”
In the case at bar the court has found the facts as they are established by the evidence, and has included in its findings all the facts established by the evidence which “ have been proven and which are material to the due presentation of the case of the plaintiff.” It will not be asserted that under rule 5 quoted above the plaintiff or defendant can of right have included in the findings of fact evidence of facts which he may assert to be facts established by the evidence. In other words, the rule can not be construed to mean that this court must include in its findings any evidence which the parties may ask to have included therein upon the mere statement that such evidence is a fact proven. This court in the last analysis must determine what are the ultimate facts which the evidence establishes. McClure v. United States, supra. If it was left to the parties to say what the findings of the court must include, it is obvious that the findings of the court would no longer contain facts established by the evidence in the nature of a special verdict, but would be made up of all the evidence in the case and would impose upon the appellate court all the functions of a jury.
The plaintiff has referred us to the case of United States v. Pugh, 99 U. S., 265, 270, which it insists is applicable to this case. In that case the Supreme Court held that “ when the rights of the parties depend upon circumstantial facts alone, and there is doubt as to the legal effect of the facts, it is the duty of the court, when requested, to so frame its findings as to put the doubtful question into the record.” But this is not the case of the plaintiff. Its case does not depend upon “ circumstantial facts alone.” Indeed, what it denominates circumstantial facts are evidences on which the ultimate "facts are supposed to rest, and this court has found those ultimate facts and has put into the record every fact which the plaintiff has proved and which is material to the due presentation of its case. What the plaintiff asks us to find are conclusions, and not ultimate facts established by the evidence.
*70 The motion to amend, the findings of fact must be overruled.
Graham, Judge, DowNey, Judge, Booth, Judge, and Campbell, GMef Justice, concur.