Joseph S. KUTRZEBA, Appellant,

v.

Eric K. SHINSEKI, Secretary of Veterans Affairs, Appellee.

No. 07–1098.

United States Court of Appeals for Veterans Claims.

June 5, 2009.

Virginia A. Girard–Brady, ABS Legal Advocates LLC, Lawrence, KS, for Appellant.

Will A. Gunn, General Counsel, R. Randall Campbell, Assistant General Counsel, Joan E. Moriarty, Deputy Assistant General Counsel, Bobbiretta E. Jordan, Appellate Attorney, Office of the General Counsel, U.S. Department of Veterans Affairs, Washington, DC, for Appellee.

### JOINT MOTION TO TERMINATE THE APPEAL

BRUCE E. KASOLD, Judge:

Pursuant to U.S. Vet.App. Rules 27 and 42, Appellant and Appellee hereby agree to and move for termination of the captioned appeal. The terms upon which the parties agree this appeal is to be terminated are contained in the attached Stipulated Agreement.

The Court has held that when the Secretary of Veterans Affairs enters into such an agreement, the Board of Veterans' Appeals decision giving rise to the appeal is overridden, thereby mooting the case or controversy. *Bond v. Derwinski,* 2 Vet. App. 376 (1992). *See also Kimberly–Clark v. Procter & Gamble,* 973 F.2d 911, 914 (Fed.Cir.1992) ("Generally, settlement of a dispute does render a case moot."). *Accord Dofflemyer v. Brown,* 4 Vet.App. 339

(1993). *Cf.* 38 C.F.R. § 14.500(a), (c), (d) (1999).

The General Counsel represents the Secretary of Veterans Affairs before the Court. 38 U.S.C. § 7263(a). In entering into this settlement agreement, the General Counsel is following well-established principles regarding the Government attorney's authority to terminate lawsuits by settlement or compromise, which principles date back well over a century. *Compare Freeport–McMoRan Oil & Gas Co. v. FERC*, 962 F.2d 45, 47 (D.C.Cir.1992) ("[G]overnment attorneys [should] settle cases whenever possible.") (citing Executive Order on Civil Justice Reform, [Exec. Order No. 12,778, 3 C.F.R. § 359 (1991), *reprinted in* 28 U.S.C.S. § 519 (1992) ] ) *with* 2 Op. A.G. 482, 486 (1831).[1] *See also* Executive Order on Civil Justice Reform, Exec. Order 12,988, 61 Fed.Reg. 4729 (Feb. 7, 1996); *Stone v. Bank of Commerce*, 174 U.S. 412, 19 S.Ct. 747, 43 L.Ed. 1028 (1899); *Campbell v. United States*, 19 Ct.Cl. 426, 429, 1800 WL 1142 (1884). The parties have resolved, to their mutual satisfaction, the issues raised by this appeal and aver that (1) their agreement does not conflict with prior precedent decisions of the Court; (2) this is not a confession of error by the Secretary; and (3) this agreement disposes of the case on appeal.

WHEREFORE, the parties jointly move the Court for an order terminating the captioned appeal pursuant to Rule 42 of the Court's Rules of Practice and Procedure.

### STIPULATED AGREEMENT

WHEREAS, Joseph S. Kutrzeba (Appellant) filed an appeal to the Court of Appeals for Veterans Claims on April 18, 2007, from a March 20, 2007, Board of Veterans' Appeals (BVA) decision; and

WHEREAS, the Secretary of Veterans Affairs (Appellee) and Appellant have reached a mutually satisfactory resolution of this litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the parties hereby agree as follows:

1. The Appellee agrees to grant service connection for Appellant's Post–Traumatic Stress Disorder as aggravated by active military service. The parties make no agreement regarding the applicable effective date or level of disability, which shall be matters for initial·adjudication by the agency of original jurisdiction, subject to the right of appeal.

2. The Appellee agrees to notify promptly the Veterans Benefits Administration (VBA) upon final disposition by the Court with respect to this settlement; and that the VBA shall take prompt action to implement this agreement.

3. The Appellee does not admit that any error was committed by the Department of Veterans Affairs or any of its employees in the adjudication of the claim that is the subject of this appeal.

4. The Appellant agrees that his pending appeal in the United States Court of Appeals for Veterans Claims, U.S. Vet. App. No. 07–1098, shall be terminated, with prejudice, as to all issues addressed in the March 20, 2007, BVA decision following execution of this agreement.

---

1. "An attorney conducting a suit for a party has, in the absence of that party, a right to discontinue it whenever, in his judgment, the interest of his client requires it to be done. If he abuses his power, he is liable to the client whom he injures. An attorney of the United States, except in so far as his powers may be restrained by particular acts of Congress, has the same authority and control over the suits which he is conducting. The public interest and the principles of justice require that he should have this power...."

5. The parties agree that this agreement is entered into for the purpose of avoiding further litigation and the costs related thereto. Both parties agree that this settlement is based on the unique facts of this case and in no way should be interpreted as binding precedent for the disposition of future cases.